IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-03323-D

**William Lee McCullen**,

    Plaintiff,

v.

**Dr. Land,** *et al.*,

    Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff, William Lee McCullen ("McCullen")[1], commenced this action pursuant to 42 U.S.C. § 1983 on December 14, 2015. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). Also before the court is McCullen's motion to appoint counsel (D.E. 3). For the following reasons, McCullen's motion to appoint counsel is denied, and his deliberate indifference claims against Dr. Land and Nurse Duggins will be allowed to proceed. However, the undersigned recommends that McCullen's claims against the North Carolina Department of Public Safety ("NCDPS") be dismissed.

**I.**     **Motion to Appoint Counsel**

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying the appointment of counsel depends on "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296

---

[1] McCullen is proceeding *pro* se, and, at the time he filed his complaint, he was a state inmate. Compl. at 3, D.E. 1. He has since been released from custody (D.E. 11).

1

(1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). McCullen's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding *pro se*. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, McCullen's motion requesting that he be appointed counsel (D.E. 3) is denied.

**II.     Review Under 28 U.S.C. § 1915A**

The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. §1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

The court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547, 553–55 (1967).

McCullen contends that defendants were deliberately indifferent to his serious medical needs. Compl. at 3–5, D.E. 1. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which

2

includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). To prevail on an Eighth Amendment claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Id.* "Deliberate indifference" requires that the prison official(s) knew of and ignored the inmate's serious medical needs. *Young v. City of Mount Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001) (citing *White ex rel. Chambliss*, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference ... implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice.")).

Here, McCullen asserts that he has been diagnosed with ankylosing spondylitis and that a rheumatologist has prescribed a specific treatment regimen for this condition. Pl. Ex. at 3, D.E. 1-1. Defendants Land and Duggins are medical care providers employed by the NCDPS who allegedly refused to provide the treatment prescribed by McMullen's rheumatologist. *Id.* Because it does not clearly appear from the face of the complaint that McCullen is not entitled to relief, his deliberate indifference claim against Defendants Land and Duggins is allowed to proceed.

However, McCullen has also named the NCDPS as a defendant in this action. Compl. at 1, D.E. 1. The Eleventh Amendment bars suits directly against a state or its agencies unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states and the state of North Carolina

3

has done nothing to waive its immunity. *Bright v. McClure*, 865 F.2d 623, 626 (4th Cir. 1989) (citing *McConnell v. Adams*, 829 F.2d 1319, 1328 (4th Cir. 1987)). Therefore, the undersigned recommends that McCullen's claims against the NCDPS be dismissed.

## III. Conclusion

Based on the foregoing, McCullen's motion to appoint counsel (D.E. 3) is denied, and his deliberate indifference claims against Defendants Land and Duggins will be allowed to proceed. The Clerk of Court shall proceed with management of McCullen's deliberate indifference claims against Defendants Land and Duggins under the provisions of Standing Order 14-SO-02 regarding service of process upon current and former employees of the North Carolina Department of Public Safety. If service on the Defendants pursuant to the standing order fails, the court directs the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

In addition, the undersigned recommends that McCullen's claims against the NCDPS be dismissed.

Finally, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

4

Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: June 1, 2016

_Robert T. Numbers II_
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE